[Crim. No. 190. Second Appellate District.—June 6, 1911.]

THE PEOPLE, Respondent, v. V. RODERIQUEZ and FRANCISCO MORANO, Appellants.

CRIMINAL LAW—BURGLARY—JOINT INFORMATION AS PRINCIPALS—EVIDENCE—COMMISSION OF CRIME SOLELY BY ONE DEFENDANT—JOINT CONVICTION UNWARRANTED.—Where two persons were jointly indicted as principals, and the evidence is that only one of them committed the burglary, and hauled away the stolen property alone in his own wagon, and placed it under a canvas in the tent of the other defendant, while he was asleep in his tent, with a woman, who saw the place of concealment, and informed the other defendant thereof in the morning, and where the sheriff, after searching other tents, was about to search defendant's tent, when defendant told him that the goods were under the canvas, and there is no evidence that such defendant aided or abetted in the crime, or protected the person charged or convicted thereof, under section 32 of the Penal Code, he cannot be convicted as a principal or as an accessory, and a judgment for joint conviction as to him must be reversed.

ID.—EXPLAINED POSSESSION OF STOLEN GOODS.—Mere unexplained possession of stolen goods is not alone sufficient to warrant a conviction. It is simply a circumstance tending to show guilt, which devolves upon the possessor to account for the possession; and where it was explained to the satisfaction of the jury, as shown by their verdict against the guilty party, it cannot justify the verdict as to the possessor.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

E. F. Brittan, for Appellants.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Defendants were jointly prosecuted upon an information charging them with the crime of burglary. From a judgment based upon a verdict of guilty, and from an order denying a new trial, defendants jointly appeal.

The evidence presented by the state tended to show that a barn belonging to one Goode, located near Bakersfield, was burglarized and a set of harness stolen therefrom. The following morning Goode and an officer discovered that whoever committed the crime had used a small wagon in removing the stolen articles. This wagon was traced from the barn, as were the tracks of a single individual, who evidently propelled the wagon, to a point near what is denominated a shack occupied by defendant Roderiquez and a woman, and from this wagon to such shack surface markings upon the ground indicated that something had been dragged from the wagon along the ground to the shack. Outside of this shack, lying upon the ground, Goode and the officer found defendant Morano. Upon inquiry, he disclaimed any knowledge of the taking of the harness or of its whereabouts. He, however, was taken in charge by one of the parties, and Goode proceeded to call to his assistance the sheriff of the county. This officer entered and examined other shacks in the vicinity of the one occupied by Roderiquez and found no harness therein. During this examination Roderiquez, who had been asleep in his own shack, came out and went into an adjoining tent where his breakfast was being served. The sheriff then said to Goode and those present that, having found nothing in the other shacks, he was going to enter the one of Roderiquez and make an examination therein. Thereupon, Roderiquez spoke up and said: "You will find the harness in there under a canvas." They entered and found the harness so covered with canvas, and thereupon the arrest of Roderiquez and Morano followed. The matters above recited, testified to by several witnesses, comprised the evidence offered on behalf of the people.

Morano offered no testimony in his defense, while Roderiquez and the woman occupying the tent with him were both

examined in behalf of Roderiquez. The woman testified·that the little wagon was the property of Morano; that about 10 o'clock on the night of the burglary Morano dragged the harness so contained in a sack into Roderiquez' tent and covered it with the canvas. Roderiquez testified that he was asleep at the time Morano was said to have brought in the harness and knew nothing of it, and that his only knowledge connected therewith was derived from the statement of the woman to him in the morning, and that his statement to the officers that the harness was inside the tent was based upon such information. He disclaimed any connection with the burglary. It will be observed that there was no evidence tending to connect Morano with the crime, except that of the woman; the stolen property was not in his possession, and in support of the verdict finding Morano guilty it must be assumed that the jury accepted the statement of such woman to be true. Upon such theory, there is ample evidence in the record to sustain the verdict of guilty as to Morano. We find nothing in the record, however, assuming Morano's guilt sufficient to warrant the jury in finding a verdict of guilty against Roderiquez. The mere possession of property recently stolen is not of itself sufficient evidence on which to convict a defendant of theft. It is at most but a circumstance tending to show guilt. The duty, however, devolved upon Roderiquez to account for such possession. That he accounted therefor to the satisfaction of the jury is evident from their verdict finding Morano guilty. That but one person was actively engaged in the burglary is made to appear. Roderiquez was informed against as a principal. If Morano be guilty, there is nothing in the record tending to show that Roderiquez was present, or aided or abetted in the commission of the offense, and therefore ·a principal under section 971 of the Penal Code. Nor is there anything indicating that Roderiquez concealed the crime from a magistrate, or harbored or protected the person charged with or convicted thereof, under section 32 of the Penal Code. He, however, was not informed against as an accessory, but as a principal alone. Were the conviction of Morano not involved, we should be inclined to the opinion that the circumstances were such as to support a verdict of guilty as against Roderiquez. It is obvious from the evidence that

both were not actively engaged in the commission of the crime, and that in the opinion of the jury Morano was the active participant; that it was Morano who propelled the wagon; that it was Morano's wagon which was used in the transportation of the harness; that it was Morano who dragged the harness from the wagon into the tent of Roderiquez; and, in the absence of any testimony tending to show that Roderiquez was an accessory before the fact, we think that the verdict as against Roderiquez cannot be justified.

The judgment and order upon the appeal of defendant Morano are affirmed, while the judgment and order as to defendant Roderiquez are reversed, and as to defendant Roderiquez the cause is remanded to the superior court of Kern county for further proceedings.

James, J., and Shaw, J., concurred.